IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR, | No. C05-04959 MJJ |
| Plaintiff, | **ORDER GRANTING CERTIFICATE OF APPEALABILITY** |
| v. | |
| ROCHA, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Barrie Taylor's ("Taylor" or "Petitioner") Motion for a Certificate of Appealability ("COA"). (Docket No. 85.) For the following reasons, the Court **GRANTS** the Motion.

## PROCEDURAL BACKGROUND[1]

Petitioner appeared before Magistrate Judge Laporte in the United States District Court, Northern District of California on September 27, 2005 for her extradition hearing. (*See* Extradition Order.) On October 28, 2005, Magistrate Judge Laporte issued an Extradition Order. (*See id.*) On December 1, 2005, Petitioner filed a petition for writ of habeas corpus and a motion for stay of extradition pending resolution of habeas petition under 28 U.S.C. §§ 2241 and 2201. On March 8, 2006 Magistrate Judge Laporte consolidated Petitioner's claims and issued on order to show cause.

---

[1] The facts are as set forth in the Court's March 31, 2007 Order Denying Petition for Writ of Habeas Corpus ("Habeas Order"). (*See* Docket No. 82.)

United States District Court
For the Northern District of California

(*See* Docket No. 17.)   On June 9, 2006, the matter was reassigned to this Court.  (*See* Docket No. 49.)

In resolving Petitioner's habeas petition, this Court considered the issues raised, and briefed, by Petitioner to the extent that they impacted the four-part inquiry prescribed by the Ninth Circuit for collateral review of an extradition hearing, as stated in *Prasoprat v. Benov*, 421 F.3d 1009, 1013 (9th Cir. 2005).  After reviewing each of the factors in the four-part inquiry, the Court found that Petitioner was not entitled to habeas relief and, on March 31, 2007, denied Petitioner's petition for a writ of habeas corpus.  (*See* Habeas Order at 11.)

Petitioner now seeks a Certificate of Appealability pursuant to 28 U.S.C. § 2253, permitting her to appeal the District Court's: (1) failure to consider, on the merits, Petitioner's substantive claims; (2) error in considering whether to invoke the humanitarian exception described in the Petition; (3) failure to consider claims made under the International Covenant on Civil and Political Rgiths; and (4) failure to consider Petitioner's allegation that the Answer filed by Respondent was legally insufficient.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2253, a Petitioner is required to obtain a COA from the district court prior to filing an appeal.  A court may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "substantial showing" may be satisfied when the petitioner demonstrates "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893-94 (1983)).

**ANALYSIS**

In light of these standards, the Court finds that Petitioner is entitled to a COA on two claims: (1) whether the Court's collateral review is confined to the four grounds enunciated in *Prasoprat v. Benov*, 421 F.3d 1009 (9th Cir. 2005); (2) whether, given the appropriate standard of collateral review, Petitioner's substantive habeas claims are meritorious; and (3) whether the humanitarian exception was properly rejected by the Magistrate Judge.

2

For the foregoing reasons, the Court **GRANTS** Petitioner's Application for a COA.

**IT IS SO ORDERED.**

Dated: April 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California